

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,997

## EX PARTE WILLIAM MICHAEL MASON

## ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 620074 IN THE 228TH DISTRICT COURT
### HARRIS COUNTY

*Per Curiam.*

## OPINION

Applicant was convicted in March 1992 of the offense of capital murder. The jury answered the special issues submitted under Article 37.071 of the Texas Code of Criminal Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed Applicant's conviction and sentence on direct appeal. *Mason v. State*, 905 S.W.2d 570 (Tex. Crim. App. 1995), *cert. denied*, 516 U.S. 1051 (1996).

Applicant's initial habeas application was filed in the convicting court on August 18, 1997. His first subsequent application was filed *pro se* in the convicting court on October 19, 1999. His second subsequent application was filed *pro se* on September 14, 2001. All three applications were received in this Court on January 27, 2010. We denied relief on applicant's initial writ and dismissed his second subsequent application. *Ex parte Mason*, Nos. WR-73,408-01 & -03 (Tex. Crim. App., Apr. 14, 2010). We dismissed applicant's first subsequent application except for one allegation that we held satisfied the requirements for consideration of a subsequent application under Texas Code of Criminal Procedure Article 11.071, § 5. We remanded the following issue to the trial court for consideration of the merits: the trial court erred in denying his properly requested mitigation instruction at punishment and providing instead a nullification instruction that did not allow the jury to consider and give effect to mitigating evidence presented at trial. *Ex parte Mason*, No. WR-73,408-02 (Tex. Crim. App., Apr. 14, 2010). The habeas court subsequently entered findings and conclusions, but made no recommendation to this Court.

Reviewing the case after remand, the record shows that the mitigating evidence presented by applicant is the sort of evidence that the United States Supreme Court has said is not encompassed within the previous statutory special issues. *See Abdul-Kabir v. Quarterman*, 550 U.S. 233 (2007); *Brewer v. Quarterman*, 550 U.S. 286 (2007); *Smith v. Texas*, 550 U.S. 297 (2007). Applicant presented mitigating evidence at the punishment phase of trial tending to establish that: applicant had a troubled childhood in which he was

abused, he witnessed his mother being abused on numerous occasions and his sisters being sexually abused by his step-father; applicant has been diagnosed with an antisocial personality disorder; and applicant had a long history of drug abuse that began at age 14.

This Court has reviewed the record with respect to the allegation made by applicant. We note that the former statutory special issues did not provide applicant's jury with an adequate mechanism for exercising its reasoned moral judgment concerning whether applicant's mitigating evidence warranted the imposition of a life sentence rather than the penalty of death. Therefore, based on our own review, and because some of the mitigating evidence presented at applicant's trial is the type of evidence for which he was entitled to a separate vehicle for consideration, relief is granted. We vacate applicant's sentence and remand the case to the trial court for a new punishment hearing.

Delivered:    March 20, 2013
Do Not Publish